## C. G. SHUFFIELD, et al. v. J. H. SHUFFIELD.

Eastern Section.   September 3, 1927.

Petition for Certiorari denied by Supreme Court, December 3, 1927.

1. **Appeal and error. Assignment of error that verdict is contrary to law is too general.**
   An assignment of error that the verdict is contrary to law is too general and the appellate court is not required to search through the record for errors of law that may be ascertained. Such an assignment will be overruled by the appellate court.

2. **Appeal and error. The findings of a Circuit Judge sitting without a jury has the same effect as the verdict of a jury.**
   The findings of a Circuit Judge sitting without a jury are final as to the preponderance of the evidence and will not be disturbed on appeal.

3. **Bills and notes. A note executed and delivered at a time when the law requires the note to be stamped is enforceable.**
   In an action on a note which was made and executed at a time when the law required the note to be stamped but it was not stamped, held that the note was admissible in evidence and was enforceable.

Appeal from Circuit Court, Carter County; Hon. D. A. Vines, Judge.

Affirmed.

Divine & Guinn, Johnson City, for appellant.

J. N. Edens, Elizabethton, for appellee.

SNODGRASS, J. This was a suit against C. G. Shuffield, the maker, and S. S. Preston and John Wilson, who as Preston & Wilson were endorsers, to collect a note of $200 which provided also for attorney's fees. The suit was instituted before a Justice of the Peace, where there was a judgment in favor of the plaintiff below, J. H. Shuffield, against all of the defendants, and the same was by Preston & Wilson appealed to the circuit court and a trial had before the Circuit Judge without the intervention of a jury, who after crediting a payment of $30 that had been made gave a judgment in favor of the said J.

H. Shuffield against all of the defendants for $219.44, balance of principal and interest, including also attorney's fee. There was a motion for a new trial, which was overruled and the defendant S. S. Preston has alone appealed, assigning errors.

The first assignment of error is, that "the learned Circuit Judge erred in overruling grounds one and two of the motion for a new trial, and in not setting aside the verdict of the jury and granting a new trial, because: (1) the verdict was contrary to law; (2) the evidence preponderates against the verdict or judgment of the court."

There was no jury, but treating the reference to the jury as meaning substantially that the judgment of the court, (who in this instance was the tryer of fact) was contrary to law, this assignment is too general to require the court, unaided by a more specific reference or direction, to search through the record for errors of law that might be ascertained if a vigilant search could ferret them out. The second reason assigned, that the evidence preponderates against the verdict, is not available here. The Circuit Judge decides this question in acting on the motion for a new trial, and that is final as to how the evidence preponderates. It will also be assumed that the evidence supports the judgment, in the absence of an assignment that there is no evidence to sustain it. In this case there is no such assignment, and the questions involved are those of fact. There is no trouble about the law when the facts are settled.

This, as indicated, is a suit on a note. The plaintiff's evidence, properly interpreted, is that Preston & Wilson endorsed and guaranteed the note as a firm or evidence of an obligation for money borrowed for them; that at the time Preston & Wilson were indebted or obligated to C. G. Shuffield for certain advancements which were to enable him to carry out a contract originally made with one, W. L. Shuffield, which the said C. G. Shuffield had assumed and was executing, as to a timber or lumber transaction in which Preston & Wilson were beneficially interested, and which they were obligated to finance; that at the time the note was executed this obligation was due from said firm to furnish these advancements to enable the said C. G. Shuffield to discharge his own obligations incurred in the execution of this contract; that Wilson of the firm said they did not have the money to discharge this obligation, and that if he could borrow some money he would in return give a promissory note; that he (Shuffield) told Mr. Wilson he had $200 in his pocket that belonged to J. H. Shuffield, and that he could lend it on a note; that Mr. Wilson then made out a note payable to J. H. Shuffield, and that he (the witness) kept the $200 that he had in his possession and sent the note to J. H. Shuffield. He said he endorsed the note on its face, and Mr. Wilson put on the back of the note these words: "Preston & Wilson;" that he got the $200 and paid off his help with it.

The note thus executed, with the endorsement that was put upon it, and as sued on in this cause, is as follows:

"Butler, Tenn., February 5, 1921 No. ———
"Due ———
"$200

"Twelve months after date we, or either of the makers or endorsers, promise to pay to the order of J. H. Sheffield without off-set two hundred no/100 dollars negotiable and payable at the Johnson County Bank, at its office in Butler, Tennessee, for value received, with six per cent interest per annum after maturity until paid, and we the principals and endorsers of this note, which is filled up before signing, waive demand, protest and notice of protest thereof, and hereby respectively waive the benefit of any exemptions under the Homestead and Bankrupt laws, and all other exemptions as to this debt and contract, and we furthermore agree that, if after this note is due it is put into the hands of an attorney, or any collecting officer, for collection we will pay ten per cent fee and all costs and expenses incurred in its collection, which may be included in any judgment rendered hereupon.

"C. G. Sheffield."

"P. O. Butler, Tennessee."

Endorsed on back:

"We the undersigned endorsers of the within note, hereby guarantee payment thereof, waive protest and notice of protest and acknowledge that we sign with full understanding of the within contract and bind ourselves as provided therein.

"2 # 5—22                Preston & Wilson"

"Credit $30."

Preston & Wilson were partners and were the beneficiaries of this loan, the money from which was thus used in the discharge of their obligation incurred in this lumber business and transaction. They were not therefore merely accommodation endorsers, receiving no benefit from the loan. C. G. Shuffield, though he borrowed as principal, was really an accommodation agent himself, and Preston & Wilson were the real principals. It is not denied but what Wilson thus endorsed the note, though contrary to the corroborated testimony of the plaintiff they now claim that they got no benefit from it. Preston's plea of non est factum is sought to be maintained under the idea that the note was not executed for any firm purpose, and that therefore Wilson was not authorized to bind him by signing the firm name. The court found that it was for a firm purpose and obligation in effect, that Wilson was authorized to sign the firm name, and that the plea was not good; that the note to the extent he gave

a judgment for had not been paid, and there is abundant evidence to sustain his judgment, involving the conclusions recited.

This in effect disposes of all the assignments of error, unless it might be the eighth, to the effect that the court erred in refusing to hold that the note was void and unenforceable because on its face it showed it was executed and delivered at a time when the laws and statutes required said note to be stamped, and for that reason it should have been held that it was inadmissible as evidence and unenforceable as a contract or note. Directly to the contrary of this insistence was held in the case of Insurance Co. v. Estes, 106 Tenn., 472, 62 S. W., 149, and in the cases there cited.

The assignments of error are all overruled and the judgment of the lower court affirmed, with costs against appellant and his securities.

Portrum and Thompson, JJ., concur.